IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RHONDA REECE                                                                              PLAINTIFF

v.                                             NO.  4:05CV00157 JWC

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                              DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Rhonda Reece, appeals the denial of her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).  The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error.  *Long v. Chater,* 108, F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion,[1] "substantial evidence on the record as a whole" requires more scrutiny.

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision."  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."  *Shannon v. Chater*, 54 F.3d 484, 486 (8th Cir. 1995).

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005).

Plaintiff alleged that she is disabled due to back problems (ankylosing spondylitis) and migraine headaches.  She alleged a disability onset date of March 20, 2003.  After her claim was initially denied, an Administrative Law Judge (ALJ) held a hearing on August 4, 2004, and rendered his decision denying her claim on August 23, 2004.  At the time of the decision, Plaintiff was 36 years old with a high school diploma and a "clerical degree"

---

[1] *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

following one year at a technical school. Her past relevant work included jobs in accounts payable and payroll with a construction company and as a bank teller (her longest employment). Her last relevant work was as an egg gatherer at a poultry operation. Plaintiff testified that she worked three days per week at this last job. She said she left the jobs because of frequent migraine headaches and pain, and testified that when she was bothered by a headache, she could not work or concentrate.

The ALJ utilized the required five-step sequential evaluation to analyze Plaintiff's claim. *See*, 20 C.F.R. § § 404.1520(a)(4), 416.920(a)(4) (2004). At step one, he found that Plaintiff had not engaged in substantial gainful employment since her alleged onset date. At steps two and three, he found Plaintiff's back condition and migraine headaches to be "severe" within the meaning of the Social Security Regulations, but determined that they did not meet or medically equal , either singly or in combination, any of the listings in Appendix I, Subpart P, Regulations No. 4. At step four, the ALJ evaluated Plaintiff's credibility and made a Residual Functional Capacity (RFC) analysis, finding that Plaintiff's subjective complaints were "very much open to question" and not wholly credible. He determined that Plaintiff had the RFC to perform a "full range of light exertional activity." His RFC determination included no limitations relating to migraine headaches. At the hearing, a Vocational Expert (VE) testified, in response to a hypothetical question, that with this RFC, Plaintiff could return to her past relevant work. The hypothetical did not mention migraine headaches. The VE also testified that if Plaintiff's subjective complaints were fully given credit, she would be unable to work. The ALJ held that Plaintiff could return to her past relevant work and thus found her "not disabled" at step four of the sequential evaluation.

Plaintiff raises a number of points for reversal. The points raised are to some degree overlapping and are actually subparts of three basic arguments. One argument is that the credibility analysis was flawed. Another is that the RFC analysis was improper and

2

unsupported by substantial evidence. The third is that the ALJ failed to properly analyze or consider the requirements of her past relevant work. This last argument is without merit as the record shows that the details of her past relevant work were covered in the testimony and that the VE adequately took those details into account in saying that she could return to her past relevant work. However, the Court finds that the credibility analysis is lacking and that the RFC determination and hypothetical upon which the ALJ relied to render his opinion are not based on substantial evidence. For those reasons, the case must be remanded for further development and reconsideration. However, the disability picture is not so clear that the Court is willing to reverse with directions to award benefits.

## Credibility Determination

The regulations and case law require that, in making a credibility determination, the ALJ must consider many factors, including the objective medical evidence; the claimant's daily activities; the subjective evidence of the duration, frequency, and intensity of the claimant's pain; any precipitating or aggravating factors; the dosage, effectiveness and side effects of any medication; the claimant's functional restrictions; the credibility of any supporting testimony; and the claimant's past work record. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006); *Baker v. Sec'y of Health & Human Services*, 955 F.2d 552, 555 (8th Cir.1992); *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). Because pain is difficult to measure, the ALJ may not disregard a claimant's subjective complaints of pain solely because the objective medical evidence does not fully support them. *Polaski*, 739 F.2d at 1320. It is just one factor to consider.

Here, the ALJ made a finding that Plaintiff's allegations regarding her limitations were not "totally credible for the reasons set forth in the body of the decision." In the body, he discussed daily activities at some length. He recited medical evidence from the record and found that it did not support Plaintiff's subjective complaints. However, as Plaintiff points out, he did not specify in what regard this evidence contradicted or failed to support

her subjective complaints.  The only contradictory medical evidence was a report by Dr. Derek Lewis based on a single examination, and an assessment by a non-treating, non-examining agency doctor, Dr. Kimberly Adametz.  The ALJ does not explain why he felt this evidence should be of greater weight, for example, than that of Dr. John Westwood.[2]

The only discussion of aggravating or precipitating factors was the statement that Plaintiff's conditions are "exacerbated only when engraining [sic] in heavy and/or perhaps vigorous activity."[3]  The ALJ gives no basis for this conclusion and the Court finds nothing specific in the medical records that would support this conclusion.  Further, the record certainly does not support such a conclusion in regard to Plaintiff's migraine headaches.

The ALJ merely mentioned that Plaintiff was taking multiple medications. He did not discuss dosage, effectiveness or side effects.  He made no mention of Plaintiff's work record in connection with the credibility analysis.  He did not discuss the credibility of Plaintiff's witness.  It is obvious the ALJ relied primarily on Plaintiff's daily activities, finding they were incompatible with her complaints.  The problem with this heavy reliance is that it does not take into account Plaintiff's migraine headaches.  It seems clear from the overall record that while she may have been able to carry on with daily activities despite her pain from spondylitis, she was essentially rendered unable to function when suffering from a migraine headache.  The medical records show that she frequently sought treatment for this problem, with many visits to emergency rooms and that she sought the care of a pain specialist to try to alleviate her symptoms.  The records also show that she was taking

---

[2] Defendant argues that Dr. Westwood was not shown to be a treating physician.  At Tr. 110, Dr. Westwood indicates that he has seen Plaintiff multiple times and the records are replete with emergency room entries that list him as Plaintiff's family physician.  *See*, for example, Tr. 178, 185, 188, 191, 195.  On May 19, 2003, he signed a form entitled "Treating Physician's Report for Migraine Headache." (Tr. 121.)  The weight of the evidence shows that he was a treating physician and familiar with Plaintiff's problems over an extensive period of time.

[3] Tr. 18.

prescription medication, for the back condition as well as the headaches, which almost surely had side effects which would interfere to some degree with her ability to perform work-related activity. This factor should have been considered.

The amount and level of treatment sought by Plaintiff is another factor that should be considered in this case. She was not only treated by her family doctor. She had seen a rheumatologist and a pain specialist. She had been to the emergency room numerous times over the years complaining of disabling headaches. These facts should also be taken into account in determining whether Plaintiff's subjective complaints were credible.

It is true, as Defendant argues, that the courts have said it is not necessary for the ALJ to discuss every credibility factor in detail. However, as detailed above, the analysis in this case omits several important factors. A more complete analysis must be done, including all the relevant factors. In general, it is most helpful to a reviewing court for the ALJ to specifically discuss all the required factors and note the weight he gives each. When this is carefully done, the court has a much better basis for determining whether all factors were considered and whether the findings are supported by substantial evidence.

<u>The RFC Determination</u>

Plaintiff argues that the ALJ's determination of her RFC is deficient in several regards and that it is thus unsupported by substantial evidence. A number of her points are merely statements that certain impairments (such as fatigue and irritability) should have been included. However, there are two problems with the RFC findings that mandate reversal and remand. First, the ALJ did not explain why he discounted the physical residual functional information submitted by Dr. Westwood. Second, his RFC determination did not include any impairment attributable to Plaintiff's migraine headaches. This omission is without substantial basis. The record is abundantly clear that this condition would have a significant effect on Plaintiff's ability to maintain employment. The hypothetical question on which the ALJ relied to find Plaintiff could return to her past

5

relevant work said nothing about potential lost time or job interference because of migraine headaches. A hypothetical question posed to a vocational expert must "capture the concrete consequences of [the] claimant's deficiencies." *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001).

Dr. Westwood completed a Physical Residual Functional Capacity Questionnaire,[4] a Headaches Residual Functional Capacity Questionnaire[5] and a Treating Physician's Report for Migraine Headache.[6] His basic opinion was that Plaintiff suffered with severe arthritis from ankylosing spondylitis which limited her sitting, standing, walking, lifting, bending, stooping, crouching, etc. As to the headaches, he stated they occurred two to four times per week, saying that Plaintiff had visited the emergency room seventeen times in the past five years. He said she was unable to function during a headache and that it could not be predicted when one would occur. The Court reads his opinion to be that Plaintiff would be totally precluded from working during a headache.

As set forth in footnote two of this opinion, the preponderance of the evidence is that Dr. Westwood was a treating physician and very familiar over the years with Plaintiff's condition. There is no indication that his status as a treating physician was challenged by Defendant in the administrative proceedings. The ALJ mentioned Dr. Westwood's assessments, but did not comment on why he discounted it in the RFC determination, and why he completely discounted migraine headaches as part of the disability picture when he posed his hypothetical question to the VE. The overall medical record certainly supports the diagnosis of ankylosing spondylitis and migraine headaches. While an ALJ can discount the opinion of a treating doctor, he is required to state the reasons for the

---

[4] Tr. 110-115.

[5] Tr. 116-120.

[6] Tr. 121.

weight that we give a treating source's opinion.  20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2) (2003).

Rejection of Dr. Westwood's assessments left the ALJ with little evidence on which to base his RFC finding.  Dr. Derek Lewis, who performed a consultative examination on July 3, 2003, stated an opinion that Plaintiff's limitations were "mild."  However, it is clear that he had no chance to observe her while she was suffering from a headache.  While he mentioned headaches in the history section, it appears his characterization of limitations as "mild" was based on his observation that Plaintiff could sit, stand, walk, lift, carry, see, hear and speak.[7]  He did not mention the effect of headaches.  There appears to be no substantial evidence to support a position that Plaintiff's migraine headaches were not significant to her RFC.

Plaintiff says it is the duty of the ALJ to fully develop the record and that he should have gone to Drs. Mann (who provided Plaintiff pain management for her headaches and ankylosing spondylitis) and Leonard (a rheumatologist who treated Plaintiff).  Defendant responds that it is the burden of a plaintiff, especially one who is represented by counsel, to present evidence supporting her disability.  There is, of course, authority for both propositions and resolution depends on the facts of the particular case.  Because this case is being remanded, and because the medical evidence is unclear, the ALJ should obtain functional capacity assessments from these treating physicians.

The Court again notes that the effects of Plaintiff's migraine headaches were not mentioned in the RFC determination or included in the hypothetical presented to the VE.  There is no indication why this was not included.  Perhaps it was because Plaintiff had worked for several years with migraine headaches.  However, her most recent work involved only three days per week and there is evidence that both the spondylitis and

---

[7] Tr. 138.

headaches had increased in severity.  The headaches are a factor that should have been fully evaluated and considered in combination with any impairment arising from Plaintiff's back condition.  This should be corrected on remand.

Finally, the Court agrees with Defendant that the ALJ was under no obligation to develop the record as to depression.  As stated, Plaintiff never raised depression as a basis for her claim of disability and did not do so at the hearing.  Defendant's brief correctly characterizes her testimony at the hearing, which is certainly not sufficient to raise the issue.  As stated by Defendant, the ALJ is not obligated to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability.  *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003).

## Conclusion

THEREFORE, the Commissioner's determination is reversed and the case is remanded for further proceedings consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 29th day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE